WYMAN, Appellant, vs. SPERBECK, Respondent.

*September 3 — September 21, 1886.*

*Landlord and tenant: Mistake in lease: Refusal of landlord to correct: Right to recover rent.*

Defendant agreed to rent a hotel from the plaintiff, the latter agreeing to furnish the building and finish off the basement for occupancy. The written lease, drawn by the plaintiff, omitted the agreements on the part of the plaintiff, and was executed by the defendant in ignorance of such omission. The plaintiff admitted that the lease did not show the agreement as made, but refused to make any change therein. The defendant refused to take the property, and never had possession thereof. The plaintiff did not furnish the building or finish off the basement. *Held,* upon the above facts, that an action upon the lease for rent was properly dismissed.

APPEAL from the Circuit Court for *Rock* County.

Action to recover the sum of $116, rent due upon a written lease executed by the parties. The answer, besides a general denial, alleges that the plaintiff agreed to lease to the defendant the hotel building and premises in question for one year from May 1, 1884; that the building was unfurnished and the basement thereof unfinished; that it was agreed that the defendant should furnish two rooms in the hotel, and that the plaintiff should furnish the rest of the building and should finish the basement so that it could be occupied; that the plaintiff has neglected and refused to fulfil such agreement and to furnish the building or finish the basement; that the building has never been fit for use and occupation; and that the defendant has never been in possession thereof. The above facts are also alleged by way of counterclaim, and it is further alleged that the plaintiff prepared a lease and presented it to the defendant to execute; that it was intended that such lease should contain all the terms and conditions of the agreement between the parties, and that the defendant executed it supposing

that it did so, but that by mistake it did not contain said conditions and agreements. Judgment is prayed for the reformation of the lease and that the action be dismissed.

The circuit court found the facts substantially as alleged in the answer, and further (5) "that on the day following the execution of the said lease, the defendant notified the plaintiff that he would not take the said building, and that the plaintiff need not furnish the same; that the defendant did not notify the plaintiff that he need not complete the said basement; that the plaintiff thereupon informed the defendant that he would furnish said hotel as he had agreed, and that he would not consent to any change in any of the conditions of said agreement; and that the plaintiff completed certain painting and carpenter work in said hotel, subsequent to such conversation; (6) that the defendant has never occupied said building and premises; that the plaintiff never furnished any part thereof as agreed; that he never finished said basement as agreed; and that water collected and stood in said basement during said year to a depth of from six to ten inches, making said building unfit for occupation."

As conclusions of law the circuit court found that no change had been made in the conditions of the agreement entered into by the parties and intended to be inserted in the written lease; that the said lease should be reformed by inserting the conditions of the agreement omitted therefrom; that the plaintiff's action should be dismissed; and that the defendant should recover costs.

From the judgment dismissing the action the plaintiff appealed.

For the appellant there was a brief by *Winans & Hyzer*, and oral argument by *Mr. Hyzer*. Besides discussing questions of fact, they contended that after the defendant had notified the plaintiff not to furnish the building, the latter was not bound to furnish it in order to recover in this ac-

Wyman vs. Sperbeck.

tion, citing *Shaw v. Republic Life Ins. Co.* 69 N. Y. 286; 2 Chitty on Con. (11th Am. ed.), 1083; *Ketchum v. Zielsdorff*, 26 Wis. 514; *Racine Co. Bank v. Keep*, 13 id. 209; *Corbitt v. Stonemetz*, 15 id. 170; *Cunningham v. Brown*, 44 id. 72; *Harriman v. Queen Ins. Co.* 49 id. 71; *Hochster v. De Latour*, 20 Eng. L. & Eq. 157; *Planche v. Colburn*, 8 Bing. 14; *Cort v. A. N., R. & E. R. Co.* 6 Eng. L. & Eq. 230.

For the respondent the cause was submitted on the brief of *J. F. Lyon* and *H. McElroy.*

ORTON, J. The lease upon which this suit was brought for the rent was for a hotel in the village of Clinton, unfinished and unfurnished. There was water standing in the unfinished basement from six to ten inches deep. The lease contained a stipulation that the defendant should furnish two rooms therein, but it contained no condition that the plaintiff should furnish said hotel with the balance of the furniture, bedding, and stoves, and finish up the basement to be used as a saloon. The evidence tended to show that such was the agreement of the parties, and that it was left out of the written lease by mistake, and the plaintiff, when notified of such omission, refused to make any change in the written lease, but admitted that such was the bargain. It is claimed by the learned counsel of the appellant that thereupon the defendant refused to take the property, and therefore waived this condition of the lease. But the evidence upon this point was conflicting. If, however, it had been true, without such change in the written lease as the plaintiff admitted was the agreement the defendant was under no obligation to take the property. Such change in the lease was never made, and the house was not so furnished, or the basement finished, according to said agreement, and the defendant never occupied it, and the suit is brought on the lease so imperfect and unchanged. The circuit court in effect found these facts, and that the written lease should

be corrected and reformed by inserting therein the said conditions so omitted, and dismissed the action. These were questions of fact, and there was no clear preponderance of the evidence against the findings of the circuit court. Indeed, upon the admission of the plaintiff himself, the agreement was that he should so furnish said hotel and finish the basement, and he promised that he would do so, but never did, and refused to insert such condition in the written lease. The circuit court was clearly right in dismissing the plaintiff's suit. It was not brought upon the real lease, or the written lease so corrected and reformed. A suit upon the written lease as made, and a suit upon the lease as corrected and reformed, would be quite different. The first would be no bar to the other. These questions are too plain and simple, and the conclusion too self-evident, to require the citation of authorities.

*By the Court.*— The judgment of the circuit court is affirmed.